for today's two thousand twenty five one zero three two pierre versus vasquez excuse yes mr gladden good morning may it please the court may i remove my mask you may you may wear or remove it at your choice and can you turn it down just a little bit we're getting too much reverberation in the room okay thank you good morning may it please the court um the appeal that we have before the court this morning primarily involves two separate issues one has to do with a procedural error that the appellant claims with regard to the conversion of a motion to dismiss under rule 12 that was motion for summary judgment under rule 56 by the district court the second issue deals with the question of legal standing that is does not get to the merits as questions of standing wouldn't but deals with what the applicable law would be to determine whether someone has standing based upon an alleged liberty interest and i'll treat those separately and in the same order in this case the defendants that is the appellees had filed a motion to dismiss alleging a single ground for their motion to dismiss that was the plaintiff failed to state a claim because they had as a factual matter been convicted of an offense that required registration as a sex offender under the sex offender notification or registration and notification act known as SORNA for short texas law incorporates and to turn in this context would determine whether someone is required under texas law depends exclusively on an interpretation of federal law that is a provision under SORNA that says anyone convicted of a federal offense or military offense is required to register under SORNA and on that basis texas has a special provision for people to be required to register under texas law if they're not otherwise required to register under texas law provided they had been convicted of a sex offense the so as the district so dismiss we had a conference prior to we had scheduled the trial actually had a bench conference and the all both parties as well as the district court agreed that we could hear this matter that both parties would remove their pre-trial dispositive motions that is including the stager paley's motion to dismiss and that we would have a bench trial and then when the bench trial date came close because of the coronavirus the judge had another i believe it was a telephone conference and determined that we'd have to a month or so after that the district court then senate directed or sent an order to the parties saying that it was reviving the state's motion to dismiss and didn't mention what the sole ground was but just said i'm reviving it and i'm converting it into a motion for summary judgment both parties have i guess it was 10 or 14 days to provide additional materials responsive to that motion to dismiss and of course i didn't respond because there was the whole case has been about whether my client was entitled to notice and an opportunity to be heard before factual determinations that is under sauna there's an exclusion that says that if someone uh is the criminal conduct involves consensual sexual conduct involving an adult victim and the victim was not in the custody of the defendant then sauna expressly says that is defined under federal law and that's and there's no evidence to show that my client is anything other than entitled to that exclusion remind us did you file something that explained that again to the district court i know you it was okay so you didn't file evidence but you then filed filed evidence as well you filed evidence because you said i didn't respond to that whenever the judge said when the judge gave the notice of the conversion neither side and including my client responded with additional evidence to deal with because you had already put it in on the motion to dismiss the only party that put evidence in the record was my client the plaintiff okay at the day which we had the right volumes of information does this turn on whether he was convicted of a sex offense or do we not need to decide that it turns on whether that exclusion under sauna applies which in the was the victim an adult in the plea papers he says it's an adult female in the allocution all right was a consensual it was solicitation of prostitution and man act violation across state lines and number three was the victim in the custody of the defendant at time of the offense and as the allocution also says he and agreed to this thing where this 25 year old female would come from phoenix he'd meet her at the greyhound station in houston when he arrived there to pick her up he was arrested so the victim was there's no question the victim was never in his custody and so those three factual questions are what need to be resolved and nobody is claiming that the state has any evidence well but didn't uh didn't the state board of registration exercise its discretion to opt out of that uh uh exclusion no uh they determined that and that there's an email between the sex offender registration bureau texas uh texas department of public safety where they emailed my client and said we can't determine whether you're required to register or not so we're going to actually that was a witness as an exhibit that was presented for contemplating a trial where there's another plain another person who hasn't filed a suit but may very soon uh a gentleman named swindle where he had emailed with him and said this isn't a sex offense and they said we can't tell so unless you get a court to make a finding that you're not required to register we're going to presume conclusively that you are without a hearing or an opportunity to be heard but it's not because they're opting out of them no it's not an opting out it's just saying we don't have there's they're saying we don't have to provide provide procedural due process and so we're not going to we don't have evidence to show the negative that is that you're not required to register and so they shift the burden to someone they can have y'all register or if they did opt out then what would they good and then they'd say you show us proof that you haven't committed a sex offense if they did opt out what would your argument be i'm sorry if the state did opt out what would your argument be i don't think the state can opt out of the 14th amendment well they if the if the federal statute no it was he was convicted of a sex crime under federal law but he was until you get to that exclusion he wasn't all right tell me why that is it's not an affirmative defense under storm it's a definitional uh provision that says this is not a sex offense all right and in federal courts before someone can be required to be on supervised release for with that required sex treatment the district judge has to make a finding giving the defendant an opportunity to be heard and then makes a finding whether they have committed or been convicted of a sex offense or not the procedure followed by the state of texas is we can decide anybody's required and unless or until at some later date they come forward with conclusive actually i think was the word they use conclusive or certain evidence that they are not so he's never been adjudicated in any context as committing a sex offense no and and the plea papers make in the criminal case in phoenix or in arizona make clear there never was an allegation of a sex offense there is a second count that had to do with coercion which would have placed it outside the exclusion but that was abandoned by the u.s attorney's office and the conditions the supervision federal supervision don't have any finding the federal judge never made any finding the criminal case judge and so what happened in the district court in this case was is that the instead of giving us notice and opportunity to to respond to an issue that the judge raised to sponsors and of course it's our position that both rule 12 and rule 56 require not just a generalized if you filed any pre-trial pleadings then that's all the notice you get and the court can sue sponte pick out an issue that's never been raised and dismiss the case to respond to that's what happened in this case how much notice did you have after the uh the court told you he was going to consider it as a summary judgment i believe he gave us 14 days but like i said it was he said provide additional evidence on the motion to dismiss that's been converted and there was only one issue in the motion to dismiss and that was he's been convicted it had nothing to do with standing well if he if he wasn't entitled to due process he'd have no injury would he no he wouldn't uh no no he would have a liberty interest is he wouldn't be entitled to additional procedural due process that's that's what dope or connecticut versus if he was convicted of a sex offense or most of the cases of all of them i've correct but your point is he was not ever convicted of a sex offense so he gets so he's got a process and a liberty interest both and as a matter of fact the case you're referring to connecticut department of public safety versus doe the supreme court expressly says we're not dealing with whether the person has a liberty interest we're just saying that once somebody's convicted they've been given notice of an opportunity to be heard and the only fact dispute in connecticut versus doe was whether he had been convicted and that was conceded both sides said yes the person's been conceded why don't they have they don't have a list that says these are sex offenses that you're convicted of and you go off of that i mean sure i mean sorna says sorna says and there's been there's been we've had a number of these kind of cases and the problem is is that when the federal district court does not make a finding on whether it's a sex offense or not then the state of texas can just choose anybody they want to notwithstanding the fact that there's factual disputes y'all probably have cases where you have to go through this categorical approach or modified categorical approach or fact-based categorical approach and making determinations like that on enhancements or the use of prior convictions for enhancement and for sex offense conditions of supervised release and the problem has been as district courts are copying and pasting from the sentencing guidelines that say if the person's convicted of a sex offense and so i've seen it in some some judgments where the district court just copies it as a condition of supervision if the person's required to register or if the person's been convicted of a sex offense then they have to register and then probation makes that determination or helps them no it's not a determination it's just a question it's delegation of the question to someone other than the district court right well that's an issue for separate appeal well let me get back to that opt-out provision uh the guidelines or part of the regs under under the federal statute says the department of justice has noted that in all situations jurisdictions have discretion to exceed the minimum standards of SORNA and require registration upon conviction based on consensual sexual sexual conduct now if texas had exercised his discretion then why wouldn't he be guilty of the federal sex crime that would just take that that would take that that that exception out of the statute okay we don't first of all the the state statute says if there's a federal conviction okay if at the state of texas wanted to say it can be something else under a statute that they enacted saying it can be convicted of a federal offense or or not let's say they don't have to be convicted of any offense but we can just say someone publicly intoxicated but this is a federal statute that says that there's a federal statute that defines what a sex offense is under federal law texas says if the person meets the definition under federal law then they're required to register under texas law the whole issue about discretion was not that i'm admitting that my client was convicted of a federal sex offense i'm just saying because SORNA sets minimum standards the state but state legislature if it wanted to could encompass a broader range of people that would be required to register for offenses that would not require them to register under federal law but you'd still have to go through process wouldn't you yeah and there'd have to be a statute that said that and there's not a statute in this case that says a broader number of people are required to register under SORNA it says if you're convicted of a sex crime in another jurisdiction then you will be required to register under texas law only if texas law requires you to register when you came to texas i thought all required was to show that he had been convicted of a sex crime in another jurisdiction no no SORNA SORNA only requires registration in interstate commerce if you've been convicted of an offense defined by federal law SORNA so if you go to a state that has a broader definition under its state laws of what is a sex offense that state law can require you to register but you could not be prosecuted for interstate travel without registering under federal law unless the conviction was for an offense defined by SORNA well he was convicted of an offense that under federal law was a sex crime uh unless it was a crime of consent and if texas opted out of that uh exclusion i don't understand why he wouldn't be convicted of a sex crime a federal sex crime okay well number one texas has not opted out of anything all right number two the statute speaks for itself and it says that if someone's not required to register under texas law but they've been convicted of a federal or military offense as defined by SORNA then texas will require them to register and so they're not opting out of federal law they're saying federal law is the determining factor right i agree with that okay that's true uh okay it looks like i need to reserve the remainder of my time i appreciate it thank you okay mr cherry okay is this okay certainly um my name is katherine cherry speak up a little bit please i'm a little hard to hear my name is katherine cherry is that better yes that's better uh and i represent the state of texas in this case i think um what i'll do is i'll just go through the questions that um y'all have already asked the plaintiff's attorney so first um in terms of the standing question uh i agree with you judge davis the question is can he show that was a violation of due process i don't understand that at all i mean that's not the way we would normally do standing right i mean that that's the question on the merits and the question on the merits is does he have a valid 14th amendment claim but he's absolutely 1 000 injured in fact by getting a letter from steve mccraw that says you must register as a sex offender like that i don't know i have read this district court opinion i don't know how many times i'm hoping you can help i realize you didn't write the brief the red brief and i i understand that so but i was hoping that maybe this morning we could unpack a little bit injury in fact absolutely getting a letter that says register as a sex offender constitutes an injury in fact it's absolutely traceable to the letter that steve mccraw wrote and it's 100 addressable by a district court opinion or in this case a 345th district court opinion in travis county that says in fact you don't have to register so if we're just talking about standing which i understand is the only thing in front of us today i'm confused by why we're talking about the 14th amendment at all why would we just not reverse this 100 like easily call it a day um so first i think that both the merits and this question are before the court and i also think that it's um might not even have to get kind of to the particularities of standing because the motion to motion to dismiss the motion is for summary judgment but there's like a bunch of problems with the district court dismissal right so one it's a 12b1 dismissal it says we i do not have subject matter jurisdiction so that's not a merits determination that's a jurisdictional determination and two it dismisses with prejudice which is the opposite of a 12b1 dismissal that's b6 dismissal so i just like i'm befuddled yeah i think um as you said i wasn't there and i can't speak exactly to um what's going on but i think that the purpose of this was just to send um the meritorious or potentially meritorious state claims back to state court and so that's why they were dismissing with prejudice but i also well if it's dismissed with prejudice you can't go back to state court you're just missing the our claims with prejudice so that well if if mr pierre's claims are dismissed with prejudice not all of them just the federal claims is due process claim that can't go back to state court that's no no that won't go back to state court i'm sorry i was talking about that he'll now be able to he'll be now be able to move forward with the state law claims got it that he has but here i think that the um i i'm not exactly sure how on point the language was but the um the idea i think that the court was just trying to get to is just as a matter of law um there's no there's no cause of action here there's no claim here and but what he meant by that was just you can't and i mean it does get into the merits but i think it's just kind of all the a mix almost like a lugeon kind of issue where you're looking um kind of elbow deep in the marriage you're you're letting your voice trail off at the end of the sentence i'm having trouble hearing sorry i was saying that um it is a little bit tied into the merits but i think the question is just can you like do you have uh an injury that is i think a little bit this is tied to said no you don't have an injury because you don't have any you suffered no due process violation 14th amendment due process registering if you're not supposed to register is a due process violation certainly judge elrod when you haven't had any process to determine whether you're supposed to register i i don't and i don't understand when you said a minute ago well at one point you said that if this we had to decide the merits and then you said well the merits are just into the i guess in the lujan context they're they bleed in the analysis so which is it are you saying that we have to decide the case on the merits or are you saying that we have to just decide the standing and the standing has something you get to peek at the question i think um my answer is probably going to be more toward the second where there are certain uh there are certain steps you can go through without deciding every question presented well why don't we what what would be wrong with us saying that yes he has standing judge jacob please take another look um i think that that would be wrong because i don't think he really can prove an injury in fact so he would have an injury in fact if he uh if he had not been convicted of a sex offense so if he had not been convicted of a sex offense and then he was told he had to be on the sex offender registry and now he had a legitimate fear he says i have not been convicted of a sex offense that is his claim but that's incorrect under the law so um you couldn't just have a claimant come in and say okay despite the fact that you know under 18 usc 24 21 in 2016 i pled guilty to this you can actually you can say i was not convicted of this and then but and you have standing and then on the merits you could lose because they proved that you were convicted of that so that's a merits determination of whether in fact you were actually convicted of that but your claim that i was not so i should not face consequences you have standing to make that it's just it may fail on the merits if you if you're correct about the law no i'm sorry you're right um and i and i admit that part of judge jiggles opinion is a little bit i think he could have dismissed on just by saying there is no due process right um you don't have a 1983 claim here and i refuse to accept supplemental jurisdiction over the other state law claims so let's go with this for a second because let's just assume for the sake of this morning that we that this is like a the merits question is in front of us and the question is whether in fact or as a matter of law he committed a sex offense i've looked at sorna i've looked at the state of texas's list of registrable offenses in the texas administrative code i've looked at the texas criminal code of the chapter 60.01 subsection 10 the definition of registrable offenses in texas and i've looked at the concomitant provisions of arizona law i have not seen there or frankly anywhere where 24 21 offense is registrable under sorna are you aware of a single case a single defendant a single offender anywhere in the united states who has had to register under sorna after being convicted under 24 21 because it doesn't seem anything about non-consensual activity it's not an element that's the problem with this um so no but if you give me a chance please if you look at the um so trafficking or transporting an individual for purposes of prostitution as an offense under 18 usc 24 21 if you look at 24 26 which describes repeat offenses it refers to 24 21 as a sex offense and so just under the actual language in the statute or in that chapter 24 21 is a if you do it twice uh no it's just referring to it talks about repeated offenses among the prior sex offenses or offenses under was there any allegation that he committed a repeated offense no it doesn't i don't know if i'm clarifying it but it would be as if we're saying um i can get you the language but specifically what 24 26 is saying when i refer to repeated sex offenses i'm referring to the sex offenses listed in chapter 117 which is this transportation one so just looking at the the statute uh congress clearly meant for this to be a sex offense so another thing that you can please go ahead another thing you can look at is um in united states v showfield and in that case they said uh we're just looking for the kind of common meaning of the term sex offense which would be an offense with a sexual element i think that if the sexual element hadn't been proved in an adversarial proceeding then you would have a problem like you would have with me as a case um or the problem that plaintiff claims he has here which is that there hasn't been proof of the sexual element so this isn't a sex offense but in terms of uh trafficking or transporting a woman for the purposes of prostitution the prostitution part is an element that you have to prove and so now we have both 18 usc 24 26 and u.s showfield saying this is a sex offense done so here's the thing so so is your position that the district of arizona in sentencing your friend on the other side violated federal law by failing to order in the supervised release conditions that you have to register no your honor um the if you look at the um if you look at the sentencing i was trying to figure out exactly what happened in arizona if you look at the sentencing guidelines the proposed guidelines for supervisory release and for probation don't list sex offender registry instructions unless it involves a minor um and the same thing happens with i'm looking here at 18 united states code 3583 subsection d the court shall order as an explicit condition of supervised release for a person required to register under the sex offender registration and notification act that the person comply with the requirements of that act so federal law if it's registrable specifically says it must be set out in the supervised release conditions and as i know you know it was not well i um i guess i'm kind of coming at this from two ways one is is it a sex offense and then the second one is is it registrable and perhaps the district court of arizona taking all of sorna as gospel is saying sure it's not registrable under sorna or it is i i don't know i think that would probably would have been better as if there had been an appeal and we'd ask the court to correct that opinion to add in those additional requirements but i guess my point was that in terms of these the notices that these inmates get or these offenders get the sentencing guidelines seem to only say only added if the person is a minor and if you look at arizona's state sex offender registry which i took a glance it also really focuses on offenses against minors and then i think like public indecency in other words it's very unlikely uh and and it's i think the burden that we don't want to give courts to have to know where under every state's law this person may have to register right those requirements are constantly changing and as judge davis said a state could even look at sorna and say i actually don't want to do this provision of sorna and so even if you're going that way you're still not necessarily giving the inmate all the information that you're not necessarily giving the inmate correct information so now i'm even more confused because i thought the point was that this is registrable under federal law so i was very confused as to because that's what the district court said that's what your brief said that's what the motion for to dismiss first for failure stated claim in the district court said is that the position of the state of texas is the offense committed under 24 21 is registrable under federal law not that arizona has opted out of anything or that texas has opted out of anything i think everyone agrees they could but no one is arguing that they have and the only question is whether federal law makes it registrable and so if federal law made it registrable this provision specifically says the district court in arizona must put it in supervised release conditions for obvious reasons because it would be a violation of sorna to not register right so that's the whole reason that we have these like super short 10 day registration requirements and all that so is is your position that federal law makes the 24 21 offense registrable or something else i don't um i think that that is registrable under certainly under state law and what would be your source of authority for that 14th amendment so they're so all i'm saying is that it's not a sex offender to register as a sex offender under texas's sex offense registry as long as the registry only says you're a sex offender and that's what you've been convicted of that's fine no due process problem that's totally understand that right that's stanley v connor and you just look at the nature of the so now if we're talking about was texas following its own regulations when it looked when it point when it gave plaintiff notice about the extraterritorial jurisdiction provision and then was it looking at that correctly i say yes to that as well though i know that this is not the reason that was given though to the district court i'm sorry but i'm sorry judge i thought that the reason given to the district court was that it was federal and that federal says and that that's what the district court ruled on this is not that reason oh yes am i wrong on that uh this seems to me somewhat new i don't think so so um what i did see my colleague's briefing was he was often kind of repeating the connecticut veto line and so that was my reference to connecticut veto which is just under the 14th amendment under due process texas is allowed to require someone who's been convicted of a sex offense to be on judge yackel gave not correct and the reason that you're saying now hasn't yet been presented and briefed and argued to go back to judge yackel and you make this new argument that it's not because of federal but that it's because of texas i would say that it um first i'd say that the argument that i'm making has been argued right because i mean i can definitely provide mental briefing to to connect what um our briefs had to to everything else but the but i can also address the federal law sorna thing i just wanted to put sorna in its place because what we know is that sorna is just a weak carrot for the states right so uh all that sorna does is it tells you here's the minimum i'm sorry here are the 10 funding under the omnibus act less than 20 states are sorna compliant and so when you're and um as a judge davis mentioned uh throughout the federal registry or mentions or admonitions that the states can require more than sorna does right so in terms of if there's a a right that the plaintiff has that he can call on to say well if this if 5c says i get this consent exception you have to give me the consent exception like no right the state has discretion even under sorna to take in parts of sorna that it pleases the state does not do that don't you have a right to uh adjudicate that with the state at some level and why do you say not that the state can just say we're picking this and you don't ever have the right to test whether it's the state has been correct well you if the and i think this goes to sandlin in terms of looking at the nature of the right and not the regulation but if we look at uh we look at 209 the 5a his offense is listed under 5a as a sex offense as a registrable sex offense i'm sorry and then we can decide how to deal with 5c what we've decided to do with 5c is say we're going to just assume you go under 5a and we're going to think about if you have some evidence of 5c we'll think about how that would apply you can see under the federal guidelines i haven't let them i'm sorry talk about their evidence and in a proceeding before the agency or whatever you know so this is not the normal proceeding if you had a a case where it was the state uh and if you had a case where you had a sex offender from another state and he had a conviction for soliciting prostitution and he went to um he moved into texas texas would texas dps would make a determination as to whether it was a substantially similar offense and that takes some analysis and some legal effort and so there we do provide kind of a hearing for when you're just pointing to federal law and you're just pointing to the ucm you uh military law it's more definitional right because usually there's just a list of statutes and a list of such but we found that there was no one who would ever held this particular offense was actionable so that's really interesting if it's just right off it's not a cookie cutter off the list kind of case so it isn't it is a cookie cutter offense though i mean 24 21 is listed as a sex offense under sorna and then there's an exception for all of the sex offenses that says if there's consent among adults um or you know it's a certain age gap and the purpose of that under the guideline was to allow states that maybe have like romeo and juliet laws where there's some kind of high school romance we've had that case right or or um i think also i want to ask you a question before your time runs out uh what how did texas go about opting out of the consent exclusion we don't um opt out but we don't give everyone a chance to just have a whole hearing if they don't have some kind of i mean what kind of notification or how did they go about doing it so we email like usually what happens is probation or local law enforcement or some other entity will come to us with an offender who they want to see if this this person is on the list or not um we respond and we say you know this person is on the list if they come back and say no you know there was consent or something we just ask like is there do you have some way to prove consent like can you go back to the court or um you know can you get some kind of adjudication or something that based on the facts that we have about this particular case and the fact that the plaintiff was a pimp and um had only promised the prostitute that he wouldn't hit her and but he would take all our money like it would probably take more than just saying there wasn't consent but texas had to exercise his discretion right and who who has authority to do that so we have to dps um but we believe this is part of dps's and part of what i'm sorry we believe this is part of dps's analysis as to who um should be on the sex offender register in other words this board has authority to make that decision under the under the under what i'm sorry i'm sorry what was that what says the board has authority to exercise discretion so under article 62 dps has authority to determine kind of what's a registrable sex offense okay so under chapter 62 is prostitution is illegal in texas is prostitution amongst adults a registrable sex offense so if it's committed in texas under texas state law and convictions under texas aggravated but i'm sorry no but aggravated is so if he had more than one right so so the view of the texas department of public safety is that something that is not registrable if committed under state law is registrable if committed under federal law yes okay it's just uh or can i explain or sorry i was going to say okay this way that the state doesn't have to texas doesn't have to go and just case all the laws right as long as it sees that there's a reasonable law there so okay thank you miss cherry we have your argument mr gladden are you doing a rebuttal yes and i'll try to be brief that there's some important points i want to hit uh the texas in 2001 the texas department of public safety and its sex offender registration bureau was sued by an individual based upon a finding ex parte finding by the dps on this substantial similarity there's a separate category of offenses under texas law that can require registration for example if a state offense is committed under state law in arizona and its elements are substantially similar to elements that would require registration if one in 2001 one in 2004 ruled that violated procedural due process because number one at the beginning of the lawsuit they didn't say who was supposed to make the determination with regard to judge davis's inquiry and then after they did it they weren't providing notice and an opportunity to be heard before they made these ex parte determination let me just let me federal statute the consent opt out by the states if that hadn't been in the statute that a conviction under uh 117 18 usc 117 would be a sex crime no not not unless it was had elements of an offense or you're saying a state that the legislature wanted to pass a law that required would that be a federal sex crime that's my question okay no and actually i would take up something judge oldman said both the wetterling act before sorna and sorna both are geared towards two categories sex offenses against children that is protection of children and violent offenses okay now if somebody committed a man act violation that involved the child that would require a registrar well my problem is i read 34 usc 209 11 going down to a little little 3i list 117 as a sex crime and it's possible it would depending on the facts of the case because of 209 11 5c which says if it's an adult victim the sexual activity is consensual and the victim wasn't in custody it is not a sex offense i'm saying if you leave that out if you don't consider okay well if that didn't exist then i guess maybe it would be a stronger argument the why wouldn't it be a sex crime if the statute says it is because the statute says it's not i know i'm saying leave that out because okay if my client had committed a sex offense he would be required to register so you you're the you don't agree the state had the had the right to say we're going to consider this an extra judicial sex crime even though it was a consent crime based on that regulation not without procedural due process and not when there is no what would what would be the issue what would be the issue if 117 said i mean if if that statute said 117 is jaywalking was a sex offense i suppose that someone could be required to register under texas law if they in fact had a conviction and it showed that they had committed the offense of but that's not the situation here texas law confines what's a sex offense in this context to what is a sex offense under federal law under sorena and when you have situations where there's the exclusion statute that is 20 209 11 5c where you've got an adult victim the sex consensual there's no custody or confinement then that is not a sex offense under federal law now you can say well let's just ignore that would it be a sex offense well sure it would because that if that didn't exist it would be a whole different situation i wanted to ask did miss miss cherry say is it correct that there that it did not opt out of the c texas said it was being coterminous with federal it's it's not just coterminous it all depends on whether there's a federal so this idea that texas just didn't pick the c part of the federal statute that's just not accurate the statute speaks for itself and the answer is no that's not and texas did not say oh we're not going to adopt this they're they're beat they said that they wanted to follow federal law correct that's what opposing counsel said they were following federal law the statute speaks for itself now one other thing i want to get to real quick on the question of injury in fact the other claim that we make is that the district court erred not only by not giving us notice but by confining what a liberty interest is and measuring it by the liberty interest held by people in prison the liberty that i have as a person not in prison should be at least it should be greater than someone who's in prison we don't have to decide all the stigma issues that are still hotly contested no you don't well okay first of all fifth circuit said registration is stigmatizing the question then the question is whether the assertion of fact was false and number two whether the factual assertion would alter the legal status every court i've seen says when you're declared a sex offender it alters your legal status and therefore complies with the paul versus davis which uh constantin versus wisconsin standard that's because it can live and where you can go and that sort of thing where you can be employed uh you're disqualified you go to prison if you don't register that's kind of a difference than than you or i would have as a status okay you need to wrap it up okay okay that's that's pretty much all i've got there is an oregon district court decision that deals with this issue it's expressly that says it's the government's burden of proof to show when there is a hearing and uh i would urge the court to remand this and inform the district court i have standing and to proceed consistent with the court's opinion thank you thank you we have your argument this case is submitted we appreciate the arguments from both sides this session of the court will stand adjourned pursuant to the reason the usual order thank you